**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **THE SNOOK FOUNDATION,** | ) | |
| | ) | |
| **Plaintiff/Counter Defendant,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 1:26-00419-N** |
| | ) | |
| **THOMAS LEE *and* HEATHER LEE,** | ) | |
| | ) | |
| **Defendants/Counter Claimants.** | ) | |

**ORDER**

On October 27, 2026, the Defendants, Thomas and Heather Lee, filed their answer (Doc# 6) to the complaint, which includes counterclaims against the Plaintiff, the Snook Foundation ("the Foundation), and purported "Third-Party Claims" against five "Third Party Defendants," all alleged to be members of the Foundation's Board of Trustees.

First, it is inappropriate to assert third-party claims in an answer, as the Federal Rules of Civil Procedure require that they be asserted in a separate third-party complaint. *See* Fed. R. Civ. P. 14(a)(1) (third-party claims brought by serving "a summons and complaint on a nonparty"); Fed. R. Civ. P. 7(a)(2) & (5) (treating an answer and a third-party complaint as separate pleadings); Fed. R. Civ. P. 10(a) ("Every pleading must have[,]" *inter alia*, "a Rule 7(a) designation.").[1] Second, the purported "third-party claims" appear to actually be counterclaims.

A third-party complaint is not a general mechanism for a defending party to

[1] Counterclaims, on the other hand, are properly asserted in an answer. *See* Fed. R. Civ. P. 13(a)(1) & (b) (stating that "[a] pleading must state" a compulsory counterclaim and "may state" a permissive counterclaim); Fed. R. Civ. P. 7(a) (omitting stand-alone counterclaims as "pleadings [that] are allowed").

assert any claim against a nonparty. For instance, nonparties may be joined as additional parties to a properly asserted counterclaim. *See* Fed. R. Civ. P. 13(h) ("Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim."); 6 Mary Kay Kane & Howard M. Erichson, Fed. Prac. & Proc. Civ. § 1434 (3d ed. Apr. 2026 Update) (Under the current version of Rule 13(h), "[i]f a counterclaim or crossclaim has been properly asserted, then any person whose joinder in the original action would have been possible under Rule 20, which deals with permissive joinder, may be added as a party to the counterclaim or crossclaim. Furthermore, those parties who satisfy the criteria set forth in Rule 19… for the joinder of persons needed for a just adjudication, also may be added." (footnote omitted)).

Rather, a third-party claim must be based on the allegation that the nonparty "is or may be liable to [the third-party plaintiff] for all or part of the claim against it" by the original plaintiff(s). Fed. R. Civ. P. 14(a)(1). In other words, "Rule 14(a) allows a defendant to assert a claim against any person not a party to the main action only if that third person's liability on that claim is in some way dependent upon the outcome of the main claim. Rule 14(a) does not allow the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim." *United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir. 1987) (per curiam) ("Olavarrieta's third party claim alleging breach of contract or fraud on account of the University of Florida's failure to award him a J.D. degree as promised is a separate and independent action from the government's action against him. Whether Olavarrieta is entitled to any relief on this claim is wholly independent of his liability to the government for defaulting on his student

loans. Therefore, Olavarrieta has failed to state any appropriate grounds for maintaining a third party complaint against the Board of Regents."). *See also* 6 Mary Kay Kane & Howard M. Erichson, Fed. Prac. & Proc. Civ. § 1446 (3d ed. Apr. 2026 Update) ("The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against defendant by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." (footnote omitted)).

None of the Lees' purported "third-party claims" appears premised on the Board members being liable to the Lees for all or part of the Foundation's claims against them. Rather, the purported "third-party claims" are based on the same allegations as the Lees' counterclaims against the Foundation. Accordingly, the proposed third-party defendants are properly considered additional counterclaim defendants joined as permitted by Rule 13(h).

Upon due consideration, the improperly included third-party defendants and third-party claims are **STRICKEN** from the Defendants' answer filed October 27, 2026 (Doc# 6) under Federal Rule of Civil Procedure 12(f), such that those allegations are without legal effect. The Lees are hereby granted until **NOVEMBER 6, 2026**, to file an amend answer rejoining the Board members as additional counterclaim defendants in accordance with Rule 13(h) and redesignating the third-party claims against the Board members as counterclaims.[2] *Cf.* Fed. R. Civ. P. 7(a)(3) (only "an answer to a counterclaim designated as a counterclaim" is

[2] As the Court is granting the Lees leave to make this amendment, it shall not count as the Lees' one amended pleading permitted "as a matter of course" under Federal Rule of Civil Procedure 15(a)(1).

permitted). To the extent the Lees still believe that a third-party complaint is appropriate, it must be filed as a separate pleading. The Lees currently have until November 10, 2026, to file a third-party complaint without needing leave of the court. *See* Fed. R. Civ. P. 14(a)(1) ("[T]he third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.").

**DONE** and **ORDERED** this the **29th** day of **October 2026**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**